# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:16-CR-4 |
| v. | : (Chief Judge Conner) |
| **BRANDON MORANT (4),** | : |
| **Defendant** | : |

## ORDER

AND NOW, this 29th day of March, 2019, upon consideration of the motion (Doc. 338) by *pro se* defendant Brandon Morant ("Morant") seeking to vacate, set aside, or correct the sentence imposed by this court on February 23, 2017, pursuant to 28 U.S.C. § 2255, wherein Morant argues that his trial counsel was ineffective for failing to object at sentencing to the determination that his two prior Pennsylvania drug offenses[1] in violation of 35 PA. STAT. AND CONS. STAT. ANN. § 780-113(a)(30), were "controlled substance offenses," thereby resulting in his designation as career offender under Section 4B1.1 of the United States Sentencing Guidelines, (see Doc. 338 at 6-9), and it appearing that to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) trial counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial, see Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and that trial counsel will not be deemed ineffective for failing to raise a meritless claim, see United States v. Sanders, 165 F.3d 248, 253 (3d

---

[1] The two at-issue Pennsylvania drug offenses are identified in the presentence report. (See Doc. 216 ¶¶ 33, 37).

Cir. 1999), and the court observing that the Third Circuit Court of Appeals recently held that a violation of Section 780-113(a)(30) "is a 'controlled substance offense' and may serve as a predicate offense to a career-offender enhancement under § 4B1.1," United States v. Glass, 904 F.3d 319, 324 (3d Cir. 2018), cert. denied, 139 S. Ct. 840 (2019), and the court concluding that, to the extent that trial counsel may be deemed ineffective for failing to object to Morant's designation as a career offender for sentencing purposes, Morant suffered no prejudice arising therefrom, and the court further concluding that Morant has not "made a substantial showing of the denial of a constitutional right" to support issuance of a certificate of appealability, 28 U.S.C. § 2253(c)(2), it is hereby ORDERED that:

1. Morant's motion (Doc. 338) to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2255 Rule 11(a).

3. The Clerk of Court is directed to close the corresponding civil case number 1:18-CV-402.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania