# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:16-CR-4 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **BRANDON MORANT,** | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 12th day of August, 2019, upon consideration of the motion (Doc. 436) filed *pro se* by defendant Brandon Morant ("Morant") seeking a reduction of his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, and it appearing that Morant invokes Section 401 of the First Step Act, which reduces and restricts enhanced sentences applicable to defendants with prior drug felony convictions, see First Step Act § 401, 132 Stat. at 5220-21, but the court noting that Morant pled guilty to possession with intent to manufacture and distribute at least 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and that neither of these statutory subsections are impacted by Section 401 of the First Step Act, and the court further noting that Congress explicitly stated that Section 401 shall not apply to defendants who have already been sentenced, see First Step Act § 401(c), 132 Stat. at 5221 (providing that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, *if* a sentence for the offense has not been imposed as of such date of enactment" (emphasis added)), and the court concluding that Section 401 of the First Step Act affords no relief to Morant, it is hereby ORDERED that

Morant's motion (Doc. 436) for reduction of sentence pursuant to Section 401 of the First Step Act is DENIED.[1]

            /S/ CHRISTOPHER C. CONNER
            Christopher C. Conner, Chief Judge
            United States District Court
            Middle District of Pennsylvania

---

[1] Morant's motion is also meritless if construed as a motion for reduced sentence under Section 404(b) of the First Step Act. Section 404(b) authorizes a district court to impose a reduced sentence for defendants convicted of covered crack cocaine offenses in cases where the statutory penalty provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, §§ 2-3, would have applied had that act been in effect at the time the covered offense was committed. See First Step Act § 404(b), 132 Stat. at 5222. The First Step Act defines a "covered offense" as "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a). Sections 2 and 3 of the Fair Sentencing Act in turn apply to certain crack cocaine offenses under 21 U.S.C. § 841(b)(1), § 844(a), and § 960(b). See Fair Sentencing Act §§ 2-3, 124 Stat. at 2372. Morant pled guilty to possession with intent to manufacture and distribute heroin in violation of 18 U.S.C. § 841(a)(1). Thus, the crime for which Morant was convicted did not have its statutory penalties modified by Sections 2 or 3 of the Fair Sentencing Act.